No. 1504. Ex Parte Robert Reid.

No. 1505. Ex Parte W. J. Lytle.

Decided December 18, 1905.

**Supreme Court—Jurisdiction—Habeas Corpus.**

Without undertaking to define the extent of the jurisdiction conferred on the Supreme Court by the Act of February 24, 1905 (Laws, 29th Leg., ch. 17, p. 20), authorizing the judges thereof to issue the writ of habeas corpus, nor whether it extends to the discharging one held in custody by the sheriff under a judgment of the Court of Civil Appeals for contempt in violating an injunction in a civil case pending before it on appeal, on the ground that the imprisonment was illegal because no evidence was introduced sustaining the charge, it is held that the evidence submitted on the hearing tended to prove all the facts necessary to support such judgment, that the Supreme Court was not clothed with appellate power over it, and that the relators should be remanded to custody. (P. 406.)

Original application to the Supreme Court for writ of habeas corpus. Lytle and other defendants, "ticket scalpers" in San Antonio, and their agents and servants, were enjoined, in a suit in the District Court, from selling reduced rate and nontransferable tickets in violation of the law forbidding such transactions. They appealed the case and, pending the appeal, on complaint in the Court of Civil Appeals of violation of the injunction by Lytle, and by his agent Reid, having notice of it, they were tried for contempt, fined and taken in custody by the sheriff under capias pro fine. They then applied to the judges of the Supreme Court for the writ of habeas corpus, which was issued.

*Wm. Aubrey, W. H. Lipscomb* and *Walter Napier,* for relators.—

We respectfully suggest to the court that there is no evidence, whatever, in the record against W. J. Lytle, and his discharge, we submit with all possible respect, must follow as a matter of course.

We further beg to. suggest that, insofar as the defendant Reid is charged with acting in disobedience of the injunction herein as the agent of the defendant, W. J. Lytle, there is no evidence, whatever, in the record, supporting or even tending to support the charge.

As to the law of the case it would seem that in Texas, so far as the adjudications of its courts are disclosed to this date, the rule is settled that one who is not a party to the suit, nor a privy to a party thereto, is not bound by any decree that may be rendered therein. This rule obtains in cases of injunction as well as in the ordinary classes of cases. Shelby v. Burtis, 18 Texas, 645; Gibson v. Templeton, 62 Texas, 559. The case of Ex parte Stone, 72 S. W. Rep., 1000, relied on by the railroads, is no exception to this rule.

It may be noted, also, that the scope and effect of the injunction· in this state is defined by statute, Rev. Stat., 3003, 3004, 3011-3013.

Should this court, however, desire to extend the scope of injunctive relief beyond the limit heretofore fixed by the both legislative and judicial departments of our state government, and adopt the principles and practices of several nisi prius courts in the blanket injunction cases, so called, we submit that this case has not been brought even within the liberal holdings of the courts referred to.    New Orleans v. New York Mail S. S. Co., 20 Wall., 387; In re Swan, 150 U. S., 637; Church on Habeas Corpus, sec. 308; Van Zandt v. Argentine Mining Co., 48 Fed., 770; In re Reese, 107 Fed., 947.

One principle seems to prevail in all of the cases on the subject wherein the injunctive relief is sought to be extended so as to operate on persons not parties to the writ, or named in the decree, viz.:    That such persons must sustain the relations of attorneys, counselors, or agents of the parties named in the judicial proceeding, or have become allied to such parties by lending such parties their active aid and assistance in the violation of the provisions of the decree.    In other words persons who are sought to be affected by a decree to which they are not, in name, parties, must be affirmatively shown to have been or thereafter to have become in privity with such named parties, and to have been acting either for or with them.

WILLIAMS, Associate Justice.—Under the statute passed by the legislature at its last session, conferring upon this court jurisdiction to issue the writ of habeas corpus in certain cases, the relators have applied to be released from the custody of the sheriff of Bexar County, in which they are held by him under a commitment from the Honorable Court of Civil Appeals for the Fourth Supreme Judicial District, issued upon a judgment of that court adjudging them guilty of contempt in violating a writ of injunction in force in a cause pending on appeal therein.    The writs of habeas corpus were issued and such evidence and argument as the parties saw fit to offer have been heard.    Their only contention is that the imprisonment is illegal for the alleged reason that no evidence was adduced before the Court of Civil Appeals to sustain the charge preferred.

On the hearing before this court the evidence offered before the Court of Civil Appeals was reproduced and, in our opinion, it tended to prove every fact essential to support the judgment of conviction.    We shall not review or discuss it, for it must be understood that this court is not clothed with appellate power over such judgments, and has neither the right nor the disposition to assume a jurisdiction of that character.    Nor shall we undertake at this time to define the extent of this jurisdiction, since the only reason preferred for its exercise has been shown not to exist.    Whether or not the ground stated, if it existed, would sustain the application we need not determine.

The relators will be remanded to the custody of the sheriff to be held by him in obedience to the order of the Court of Civil Appeals.