ARMSTRONG v. NEBLETT. (No. 12148.)

Court of Civil Appeals of Texas. Fort Worth.
May 25, 1929.

Rehearing Denied June 22, 1929.

R. C. Armstrong, Jr., and Geo. W. Armstrong, both of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, and W. T. Neblett, Jr., and R. D. Wright, both of Laredo, for appellee.

BUCK, J. In this case W. T. Neblett, Jr., as "Independent Executor," sued Geo. W. Armstrong, on an alleged promise to pay a note given by Armstrong to S. E. Lane on September 1, 1920. The note was for the principal sum of $5,000, with interest at 10 per cent. per annum from date until paid, attorneys' fees, and all costs expended in collecting said note. Plaintiff pleaded that on or about January 18, 1923, defendant Armstrong filed a petition in bankruptcy in the District Court of the United States for the Northern District of Texas at Fort Worth, and on January 16, 1923, was adjudged a bankrupt, and that on May 16, 1923, said bankrupt was duly discharged from the payment of his debts, including the note to S. E. Lane. On September 8, 1923, defendant wrote to S. E. Lane a letter, in which he said: "You can count on getting a part of the money I owe you this fall. I cannot yet say how much, but you are on the list to be paid first."

As will be noted, this letter, containing the alleged promise, was written subsequently to the discharge in bankruptcy of defendant Armstrong. If the promise therein contained is sufficient to predicate an obligation to pay a debt from which Armstrong had been already discharged, and if the trial court did not err in excluding certain letters claimed to have been written by Armstrong to Lane and others, some of such letters being in response to requests and demands from Lane to honor drafts drawn, and to pay money, and if the trial court did not err in excluding testimony as to services alleged to have been performed by Armstrong in the settlemnt of the estate, for which Armstrong claims he was entitled to credit, then the assignments of Armstrong must be overruled and the judgment below affirmed. Armstrong claims to have paid Lane, and the banks through which drafts were drawn, and to certain dependent relatives of Lane, the total sum of some $4,700. Lane died March 31, 1924, and W. T. Neblett, Jr., qualified as temporary administrator upon the estate of said decedent on April 29, 1924. The will was probated on May 29, 1924.

### Opinion.

■ It has been held by the Supreme Court of the United States, which we feel under obligation to follow as to the construction of the Bankruptcy Act (11 USCA) that a new promise to pay a debt discharged in bankruptcy must be a clear, distinct, and unequivocal recognition of and renewal of the debt as a binding obligation. 7 Corpus Juris, § 732, p. 412; 3 Ruling Case Law, § 147, p. 324; Zavelo v. Reeves, by the United States Supreme Court, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676, and notes thereunder; Moore v. Trounstine, 126 Ga. 116, 54 S. E. 810, 7 Ann. Cas. 971 and notes.

As held in Allen v. Ferguson, 18 Wall. page 1, 21 L. Ed. 854, 855, by Justice Hunt:

"It is necessary to discuss but a single question.

"Does the letter of the defendant, set forth in the replication, contain a sufficient promise to pay the debt in suit?

"All the authorities agree in this, that the promise by which a discharged debt is revived must be clear, distinct and unequivocal. It may be an absolute or a conditional promise, but in either case it must be unequivocal, and the occurrence of the condition must be averred if the promise be conditional. The rule is different in regard to the defense of the Statute of Limitations against a debt barred by the lapse of time. In that case, acts or declarations recognizing the present existence of the debt have often been held to take a case out of the statute. Not so in the class of cases we are considering. Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt. Thus, partial payments do not operate as a new promise to pay the residue of the debt. The payment of interest will not revive the liability to pay the principal, nor is the expression of an intention to pay the debt sufficient. The question must be left to the jury with instructions that a promise must be found by them before the debtor is bound. Hilliard, Bankr., 264–266, where the cases are collected."

After a thorough investigation of the authorities, we have concluded that the alleged promise of appellant Armstrong to pay some part of the debt he owed to S. E. Lane prior to Armstrong's discharge in bankruptcy is not a promise to pay in language clear, distinct, and unequivocal. In the first place, the promise to pay, if it be a promise, is only to pay the debt originally evidenced by the note in installments. It has been held that an offer to pay a debt under circumstances like this, in installments, is not sufficient to revive the debt unless it be shown, and which it was not in this case, that such offer has been accepted by the creditor. See 7 Corpus Juris, p. 413, authorities cited under note 36. The promise or offer says: "I cannot yet say how much, but you are on the list to be paid first." The promise to pay a part of the debt, or even the payment of a part of the debt, is not sufficient to revive the entire debt, under the authorities cited.

In the record there is proffered testimony showing, or tending to show, that in answer to letters from S. E. Lane to appellant, and in response to letters from the mother, sister, and wife of S. E. Lane, the appellant paid at various times amounts aggregating some $4,700. Some of these amounts were paid to Lane himself, others were paid to other creditors of Lane, others were paid to banks through which Lane had drawn drafts and had wired or written appellant to take care of the drafts. We are inclined to think that at least some of the testimony, tendered but refused, was admissible, and if it had been admitted the original indebtedness would have been reduced accordingly. But we do not base our judgment on the question of admissibility or nonadmissibility of such evidence, but conclude that the alleged promise was not sufficiently clear, distinct, and unequivocal to authorize the trial court in instructing the jury to return a verdict for the principal amount of the note and 10 per cent. interest. It may be here said that the revival of a debt in specialty, such as this, does not revive the note, but merely revives the debt, and, at any rate, only legal interest should have been adjudged.

The judgment of the trial court is here reversed, and judgment is here rendered for appellant.