## EDRINGTON v. GEE et al.
### No. 942.

Court of Civil Appeals of Texas. Waco.
June 26, 1930.

Frazier & Averitte, of Hillsboro, for appellant.

John Abney and Horton B. Porter, both of Hillsboro, for appellees.

GALLAGHER, C. J.

A. R. Gee, plaintiff in the court below and only a nominal appellee herein, who will hereinafter be called plaintiff, instituted this suit against M. B. Gee, who will hereinafter be called appellee, and Files Edrington, who will hereinafter be called appellant, to recover on a certain promissory note executed and delivered to plaintiff by appellee and appellant, as joint makers, dated July 8, 1926, and due October 1, 1927, for the sum of $1,000, with interest and attorney's fees. He admitted a credit on interest due on said note in the sum of $100, and alleged that he presented the note to appellee and appellant at its maturity and. demanded payment thereof, but that they had failed and refused to pay the same. Said suit was filed on October 23, 1928, and was returnable to the November term of said court, which convened on November 5, 1928. Appellee, on November 3, 1928, filed an answer therein in which he alleged that he had theretofore been adjudged a bankrupt. He pleaded such adjudication as a bar to any recovery against him. Appellant also answered in said cause at said term. His answer consisted of a general demurrer and a general denial. No further proceedings in said cause prior to September 3, 1929, are shown. Appellant, at that time, filed his first amended answer and cross-action. His answer to the plaintiff's demands again consisted of general demurrer and general denial. He alleged in his cross-action against appellee that appellee received the entire consideration for which said note was executed and delivered by them; that appellee was principal therein and that he was only a surety; and that such facts were fully known to plaintiff, the payee therein, at the time. He alleged that the judgment, if any, in said cause should be rendered first against appellee as principal and against him only as surety; that such judgment should direct that execution issue and be levied first on the property of appellee; that the same should provide that in event he should be required to pay said judgment, or any part thereof, that he have like judgment and award of execution against the property of appellee. He further alleged that if appellee had in fact been discharged in bankruptcy, as he alleged, his liability to appellant was a contingent one not provable in such proceedings. Appellant's prayer corresponded with said allegations. Appellee, on September 6, 1929, filed his answer to appellant's cross-action in which he alleged that he and appellant were jointly indebted to the plaintiff on the note sued on; that he had theretofore been duly adjudged a bankrupt and subsequent to such adjudication fully discharged from all his liabilities, including the debt sued on.

The case was tried to the court on the 14th day of October, 1929. The court found and

recited in his judgment that appellee was discharged from liability upon the note sued on by reason of his discharge in bankruptcy; that appellant, as between himself and plaintiff, was liable for the full amount of said note; that as between appellant and appellee the relation of principal and surety existed. The court thereupon rendered judgment in favor of plaintiff, A. R. Gee, against appellant, Files Edrington, for the sum of $1,354.33, with interest from date and costs of suit, and denied plaintiff any recovery against appellee on the ground that he had been discharged in bankruptcy from liability on the note sued on.

Appellant excepted to said judgment in general terms. On the 19th day of October, 1929, he filed a motion to amend, correct, and reform said judgment. Appellant in said motion set out in hæc verba the judgment which he requested the court to enter. Said judgment recited and followed the judgment theretofore rendered and entered by the court verbatim, except that appellant sought to have added thereto the following paragraph:

"It is further by the Court ordered, adjudged and decreed, however, that if the said defendant Files Edrington shall be compelled to pay this judgment, or any part thereof, or shall make any payment on this judgment by reason of his said suretyship for the said M. B. Gee, as above set out, this judgment shall not be discharged by such payment, but shall remain in full force and effect for the use and benefit of the said Files Edrington and shall be considered as assigned to the said Files Edrington as the surety of the said M. B. Gee, together with all the rights of the said plaintiff A. R. Gee or his assigns, hereunder; and he, the said Files Edrington as such surety shall be entitled to have execution to issue herein in the name of the plaintiff for the use and benefit of him the said Files Edrington, as such surety, against the defendant M. B. Gee for the full amount of such payment and interest thereon and all costs and for which the Clerk of the Court is hereby directed, in such event, to issue execution upon the application of the said Files Edrington or his assigns and the same shall be levied, collected and returned as in other cases."

Said motion was heard by the court and in all things overruled. Appellant presents said judgment to this court for review upon a single assignment of error, in which he complains of the action of the court in overruling said motion. Plaintiff is made a party to this appeal, but the judgment in his favor is not assailed by any assignment of error.

### Opinion.

█ Appellant, as above stated, presents as ground for reversal of the judgment appealed from a single assignment of error. He complains therein of the action of the court in overruling his motion to amend said judgment. He has adopted said assignment as a proposition. No other proposition is submitted. The judgment of the court as hereinbefore recited not only failed to award to plaintiff a recovery against appellee for the amount of the note sued on, but further declared specifically that appellee had been discharged in bankruptcy from liability thereon. Appellant, in his argument, predicates his demand for amendment of the judgment by the addition of the paragraph aforesaid on the provisions of articles 6246 to 6248, inclusive, of our Revised Statutes. Said articles, so far as applicable here, provide, in substance, that when suit is brought on contract against two defendants, either of them claiming to be a surety only may demand a trial of such issue; that in event the same is determined in his favor the court shall direct that any execution issued on the judgment therein rendered shall be levied first on the property of the principal; that in event the surety shall pay such judgment it shall not be discharged by such payment, but shall remain in force for the use of the surety, and shall be considered assigned to him; and that he shall be entitled to have execution thereon in the name of the plaintiff for his own use against the principal debtor for the full amount so paid by him. Had the court held appellee liable on the note sued on and rendered judgment in favor of plaintiff against both him and appellant for the amount thereof, said articles would have been applicable and appellant would have been entitled to the relief sought in his motion for the amendment of the judgment. The court, however, did not so hold, neither did he award such recovery, but in explicit terms denied the same. Appellant in his motion for amendment of the judgment did not assail such provisions thereof. On the contrary, he affirmatively approved the same by asking the court to re-enter the same in hæc verba with the additional paragraph requested by him added thereto. Such requested paragraph was inapplicable and unwarranted, because no judgment in favor of plaintiff was rendered against appellee. There was no adjudication of appellee's liability on said note and no award of recovery against him thereon to which appellant as surety could be subrogated nor upon which an execution against him could be based.

Appellant, however, in his cross-action asked for recovery over against appellee for any sum which he might pay or be required to pay in satisfaction of any judgment rendered herein and for execution to enforce the same. While the paragraph which he requested the court to add to such judgment did not include a provision for an affirmative recovery in his favor over against appellee, we will treat the same as though it did contain such provision in considering his further contentions herein. Appellant contends in this connection that the testimony is insufficient to show that

362

appellee's discharge in bankruptcy which he introduced in evidence was effective to relieve him from liability on the note sued on herein, and that appellee had the burden of so showing. Section 17 of the Bankruptcy Act (11 USCA § 35), so far as applicable to appellant's contentions herein, provides that a discharge in bankruptcy shall release the bankrupt from all his provable debts except such as have not been duly scheduled in time for proof and allowance with the name of the creditor if known to the bankrupt unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

Appellant concedes that under the weight of authority, the implied obligation of appellee to reimburse him as surety for any sums paid by him toward the satisfaction of said note or any judgment rendered thereon is provable in bankruptcy, and that such obligation may be extinguished by a proper discharge in such proceedings. Such is the holding of the Supreme Court of the United States in Mace v. Wells, 7 How. 272, 12 L. Ed. 698; Williams v. United States Fidelity & Guaranty Co., 236 U. S. 549, 35 Sup. Ct. 289, 59 L. Ed. 713. The decisions of that court control in construing the provisions of the bankruptcy act. Armstrong v. Neblett (Tex. Civ. App.) 19 S.W.(2d) 362, par. 1. Plaintiff's demand against appellee, as well as appellant's contingent demand for reimbursement in event he was required to discharge plaintiff's debt, or any part thereof, were therefore provable within the meaning of said section of said act.

A debtor's discharge in bankruptcy, under the holding of the Supreme Court of the United States and also of the Supreme Court of this state, is a prima facie defense in any suit against him based on a debt existing at the time of the filing of his petition, and casts upon the creditor attempting to defeat the effect thereof the burden of showing, if he can, that his debt was not duly scheduled. Kreitlein v. Ferger, 238 U. S. 21, 35 S. Ct. 685, 59 L. Ed. 1184; State v. National Bank, 116 Tex. pages 214, 216, et seq., 288 S.W. 435, 436, et seq. Appellee introduced in evidence a formal discharge from the bankruptcy court, and in connection therewith he also introduced one of the schedules filed by him in said proceedings. Said schedule showed that the note sued on in this case was listed as a joint obligation of appellee and appellant. The description of the same is not assailed in any particular, except that it was included in the list of appellee's secondary obligations instead of in the list of his primary obligations as it should have been. Appellee's discharge recited that he was adjudged a bankrupt on the 16th day of February, 1928. Appellee pleaded such adjudication in his answer filed herein on November 3, 1928, and appellant as a party hereto with an answer on file herein was charged

with notice of the contents of said plea. There is nothing in the record in this case to indicate that the entire year allowed by the Bankruptcy Act for proof of claims against a bankrupt was not available to appellant for proof of the claim here involved in such proceedings. If so, appellant after the filing of appellee's said answer had more than three months in which to prove this claim in such proceedings and require that its proper share of the proceeds of the bankrupt's estate be apportioned and applied to its discharge. We incline to the opinion that the slight irregularity in the listing of this obligation in appellee's schedules was not sufficient to avoid the effect of his discharge. See Kelly v. Roitsch (Tex. Civ. App.) 7 S.W.(2d) 686, 687, par. 1; State v. National Bank, supra (latter part par. 3). We do not, however, consider it necessary to determine such issue because the record shows that notice of such proceedings was brought home to appellant in sufficient time for him to have proved said claim himself against the estate of the bankrupt if plaintiff failed or refused to do so. Under the express provisions of said section 17 of said act, an entire failure on the part of appellee to schedule this particular debt would not have rendered his discharge ineffective as a defense thereto, since appellant had sufficient notice of the pendency of such proceedings. State v. National Bank, supra.

The judgment of the trial court is affirmed.