## HARRISON v. COSTELLO.

Court of Civil Appeals of Texas. Eastland. March 11, 1932.

Rehearing Denied April 8, 1932.

Houtchens & Houtchens, of Fort Worth, for appellant.

Ritchie & Ritchie, of Mineral Wells, for appellee.

HICKMAN, C. J.

A joint and several judgment was rendered against appellant and appellee upon a promissory note. Appellant was the maker and appellee the surety on the note, and the judgment provided that appellee should have his execution against appellant for any and all sums he might pay upon the judgment. This judgment became dormant for failure to issue execution thereon within twelve months. The suit from which this appeal is prosecuted was filed by appellee for the purpose of reviving the dormant judgment, his petition alleging that he had paid the plaintiffs in the original cause. Appellant's answer pleaded a discharge in bankruptcy granted to him by the United States District Court for the Northern District of Texas. He alleged that the debt declared upon by appellee existed prior to the adjudication, that same was properly scheduled, and that appellee had both actual and constructive notice of the bankruptcy proceeding. Appellee's supplemental petition denied that the debt was properly scheduled, and denied that he had either actual or constructive notice of the bankruptcy proceeding. Upon the trial the appellee introduced the original judgment in evidence and made proof that he had paid off the judgment to the plaintiffs in the suit. The appellant offered a certified copy of the discharge in bankruptcy and rested. The schedules were not offered in evidence, and there is no showing whatever in the record as to whether the debt was scheduled. The case was tried before the court without a jury, and judgment rendered in favor of appellee against appellant reviving the dormant judgment and ordering that execution issue.

The controlling question of law presented is: Did appellant make out a prima facie defense to appellee's cause of action by merely offering in evidence his discharge in bankruptcy? The rule now obtaining on this question is well stated in 6 Tex. Jur. p. 124, § 92. Any restatement thereof by us would be but a paraphrase of what is there well expressed, and so we quote therefrom as follows: "In addition to filing a special plea it is incumbent on a defendant to prove his discharge in bankruptcy if he relies thereon as a defense. Although there are expressions to the contrary in some of the opinions of the Courts of Civil Appeal, it appears to be the rule, approved by the Supreme Court, that in a prima facie sense a discharge operates to release the bankrupt from all provable debts existing prior to the adjudication. When, therefore, the bankrupt is sued on a debt existing at the time of the filing of the petition, the introduction of the order of discharge makes out a prima facie defense, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice or other statutory reason, the debt sued on was by law excepted from the operation of the discharge." The leading case announcing the above rule and setting this question at rest is Kreitlein v. Ferger, 238 U. S. 21, 35 S. Ct. 685, 59 L. Ed. 1184. Our Supreme Court followed that decision in State v. National Bank of Cleburne, 116 Tex. 214, 288 S. W. 435. The question arose again in the case of Edrington v. Gee, 30 S.W.(2d) 360, and the Court of Civil Appeals at Waco applied the same rule to facts not materially unlike those in the instant case. Our conclusion is that, when appellant offered his discharge in evidence, he made out a prima facie defense, and the burden was then cast upon appellee to show that the debt sued upon was excepted by law from the operation of the discharge. In the absence of such showing the judgment of the trial court was erroneous, and it will therefore be reversed, and the cause remanded.