**SLINE v. LAYDEN.**

No. 11891.

Court of Civil Appeals of Texas. Dallas.

Feb. 22, 1936.

Ross Huffmaster, of Kaufman, for plaintiff in error.

W. H. Barnes, of Terrell, for defendant in error.

JONES, Chief Justice.

This suit was instituted by appellee, M. P. Layden, in the district court of Kaufman county against appellant, John Sline, to recover on a promissory note executed by appellant January 2, 1928, in the principal sum of $6,600, together with interest at the rate of 7 per cent. per annum from date, and providing for the usual attorney fee. The note matured November 2, 1928. A trial was had to the court without a jury, and judgment entered in favor of appellee for the principal, interest, and attorney fee, in the toal sum of $8,085, with interest at the rate of 7 per cent. per annum from December 29, 1933, the date of the judgment. The following are the necessary facts:

Appellee has filed no brief in this case. Appellee introduced the note in evidence and closed his testimony. Appellant introduced his discharge in bankruptcy, of date December 3, 1929. This order discharged appellee "from all debts and claims which are made provable by said Act against his estate, and which existed on the 16th day of August, A. D. 1929, on which day the petition for adjudication was filed by him. * * *" Appellant also introduced in evidence a schedule of the unsecured debts of appellant, and later an amended schedule of such debts. This amended schedule was duly verified and filed in the bankruptcy court on September 18, 1929. This indebtedness, represented by the note in suit, does not appear to have been scheduled in the original schedule of unsecured debts, but was attempted to be scheduled in the amended schedule of such debts. Under the heading: "Creditors Whose Claims Are Unsecured" appears the entry "C. H. Layden, Peter Layden, Martin Layden, Forney, Texas, note, $6000."

The undisputed evidence is, that appellee, M. P. Layden, was commonly known as Martin Layden, and that a letter addressed to Martin Layden at Forney, Tex., would reach appellee. Appellant testified that a blank note was presented by Martin Layden to him for his signature, stating that the blank would be filled in for $6,000, and that the names of T. H. Layden, Peter Layden, and Martin Layden would be placed in the note; that said sum he understood to be the principal of the indebtedness for which he was executing the note; that he never knew that only the

name of M. P. Layden appeared in the note, until the trial of the case, or that the principal of the note was in the sum of $6,-600 instead of $6,000.

M. P. (Martin) Layden testified, in effect, that he never presented a blank note to appellant, and that the note in suit was handed to him by his brother Tom in its completed form. Tom Layden did not appear as a witness, and there is no denial of the fact that appellant signed the blank note with the understanding that it was to be filled in, as shown by his testimony above. The purpose of this evidence is not to assail the validity of the note, but to show that the debt was scheduled as a debt owing by appellant, as he understood the names of the creditors, and the amount of same.

Appellee received no notice of the bankruptcy proceedings, and had no knowledge of same until in January, 1930, at which time he had knowledge that Sline had filed his petition in bankruptcy, and had been adjudicated a bankrupt.

The first question presented for consideration is: Was the indebtedness represented by the note in suit "duly" scheduled? Section 17 of the Federal Bankruptcy Act, 11 U.S.C.A. § 35, declares that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

It will be noted that, under the provisions of the statute above quoted, the discharge is not predicated upon the failure of the creditor to receive notice of the bankruptcy proceedings, and it is generally held that the want of notice does not affect the right of discharge. State v. National Bank of Cleburne et al., 116 Tex. 214, 288 S.W. 435; Hanover Nat. Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L. Ed. 1113. These authorities are to the effect that, if the indebtedness was duly scheduled, the failure of the creditor to be served with notice of the bankruptcy proceedings does not affect the discharge of the bankrupt from the debt.

All that a bankrupt is required to do is to give, as to any indebtedness, the information in his possession, as to the name of the creditor and the debt, and if the information describes the debt so that the creditor could recognize it, the debt is duly scheduled. State v. National Bank of Cleburne et al., supra. In the instant case, the name by which appellee, the creditor, was commonly known was given and his proper address. The debt was described as $6,000. Appellant believed it to be $6,000 and had no other information at the time he prepared the amended schedule. Appellant also believed that T. H. Layden and Peter Layden were interested in the claim. This was not true, but appellant's information was otherwise.

However, if the claim was not duly scheduled, appellee, according to his own testimony, had notice of the bankruptcy proceedings in the month of January, 1930, but he never investigated the matter or paid any attention to it. It is true that this knowledge came about six weeks after appellee's discharge. There is no showing here that there were any assets, and the circumstances seem to preclude such fact. Under subdivision n of section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93 (n), appellee is not precluded from filing his claim, notwithstanding the discharge in bankruptcy, provided such claim was filed within six months from the adjudication. The adjudication in this case was in August, 1929, less than six months after the adjudication of appellant as a bankrupt, when appellee first knew of the bankruptcy proceedings. Bell v. Georgia Chemical Works, 33 Ga.App. 286, 125 S.E. 871, and authorities therein cited. Appellee having notice of the bankruptcy proceedings within the time allowed for filing claims, appellant was discharged from the debt regardless of whether the debt was scheduled.

It necessarily follows that, in our opinion, this case must be reversed and here rendered that appellee take nothing by his suit.

Reversed and rendered.