**Ex parte Louis J. KOMINCZAK, Relator.**

**No. 15802.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 24, 1971.

Vickery & McConnell, Don Stocking, Houston, for relator.

Kiibler & Kiibler, Dick H. Gregg, Jr., La Porte, for respondent.

COLEMAN, Justice.

This is an application for a writ of habeas corpus. Relator contends that the evidence introduced at the contempt hearing shows inability to comply with the order sought to be enforced. Writ denied.

On February 1, 1971, Relator and Respondent were divorced and Relator was ordered to pay $250.00 each month to Respondent for the support of their child. On April 16, 1971, Relator filed a motion to reduce his child support payments, and Respondent filed an action seeking to have Relator held in contempt by reason of his failure to make the support payments ordered by the court.

The motions were heard on May 13, 1971, and Relator was found to be $275.00 in arrears in his child support payments. He was found guilty of contempt and sentenced to jail for a period of seventy-two hours and until he purged himself by paying Respondent the sum of $275.00, and by paying the court costs. Relator remained confined for more than seventy-two hours before he was released on bond.

The evidence shows that Relator lost his job on March 10, 1971, and was able to get

another job on March 17, 1971, but at about $100.00 a month less pay. His take-home pay for the month of April, 1971, was $466.94, his pay for the month of March was $279.05. He has been living with, and expects to marry, a woman who has three children. She receives $175.00 child support, and earns about $130.00 a month as a baby sitter. They live together and share expenses.

Relator's living expenses, including food, medical expense, car note, oil and gas, furniture loan installment, bank loan installment, are $589.25. He was behind in his payments on the furniture loan, the bank loan, and a trailer house loan. The balance due on the trailer was $18,419.00, and he had been threatened with foreclosure. He has no money in the bank. He tried to borrow some money to pay some of the child support, but he couldn't get a loan. He has been paying $25.00 a week, which, he says, is as much as he could pay. All of this testimony was given by Relator, but it is not contradicted.

A property settlement agreement was incorporated in the divorce decree. By its terms Relator was given a 1965 model Buick car, certain furniture, the equity in a house trailer, the equity in two lots near Rye, Texas, and $250.00 in cash.

There is no testimony as to whether any of this property could be sold at a price in excess of the indebtedness for which it is security. Relator testified that he had tried to get a loan. He did not name any particular persons from whom he had tried to borrow money. There is no information concerning his family, or friends, and their financial circumstances. There is no testimony that he owns no separate property not mentioned in the divorce decree.

█ The trial court has impliedly found that Relator failed in his burden of proving that he was unable to pay the amount he was in default. This action is a collateral attack on the judgment of the trial court. While involuntary inability to comply with the support order is a good defense to the action for contempt, the evidence must conclusively establish such involuntary inability to perform. If it is necessary in order to meet his obligation to his child, Relator should have reduced his own expenditures to the absolute minimum. His testimony as to the amount of money he spent on various items does not conclusively establish that he had made such a reduction in his own expenses. Ex Parte Kollenborn, 154 Tex. 223, 276 S.W.2d 251 (1955).

█ Relator must also establish that he has no source from which he might reasonably be expected to obtain the money in default. Ex Parte Rohleder, 424 S.W.2d 891 (Tex.1967). The fact that there is no evidence that he does have such a source is not sufficient; Relator must present evidence from which only one reasonable conclusion can be drawn, namely, that he does not have enough money to pay the sum ordered, and that he has no source from which he might reasonably be expected to obtain the money.

█ The application for the writ of habeas corpus is denied and Relator is ordered remanded to the custody of the Sheriff of Harris County, Texas.