**Ex parte C. W. LOFTIN.**

No. 847.

Court of Civil Appeals of Texas, Tyler.

April 3, 1975.

Fenley, Bate & Newman, Kelly L. Newman, Lufkin, for relator.

L. Michael Thompson, Tyler, for respondent.

MOORE, Justice.

This is a habeas corpus proceeding whereby Relator seeks to be discharged from confinement in the Smith County jail by virtue of a certain county order of the Judge of the Court of Domestic Relations of Smith County, Texas.

On January 8, 1975, in a divorce suit still pending in the Court of Domestic Relations in Smith County, Relator was ordered to make child support payments for his two minor children in the amount of $330.00 per month with the first payment being payable on January 15, 1975, and a like payment being payable on the 15th day of each month thereafter.

On February 11, 1975, Relator being in arrears on the payments, was cited, upon the complaint of his wife, to "show cause why he should not be held in contempt." The matter was heard by the trial court on March 11, 1975. After hearing the evidence the trial court adjudged Relator in contempt for failure to make the January and February child support in the amount of $660.00. The trial court's judgment directed that Relator be committed to the Sheriff of Smith County for confinement until Relator purged himself of contempt by paying $660.00 in the registry of the

court due as child support as set forth in the January 8th order, and the further sum of $150.00 as attorney's fees for the services of his wife's attorney. Relator was confined to jail on March 11, 1975. On March 14, 1975, this court issued its writ of habeas corpus and fixed the amount of the bond required by Relator at $1,000.00. The same date Relator furnished bond and was released from custody.

We granted the writ of habeas corpus primarily upon Relator's representation that he was involuntarily unable to pay the amount ordered by the court.

Relator urges by his first point of error that the judgment of January 8th ordering him to make monthly child support payments is void in that it violates his right of procedural due process. While he acknowledges that he was duly served with notice of the hearing and failed to answer or appear, he contends that procedural due process requires that he be given notice of the judgment. He takes the position that since he was not given notice of the terms of the judgment ordering him to pay child support, he was denied due process and that the judgment is therefore invalid. We overrule the contention.

■ The notice essential to due process is original notice giving jurisdiction. After jurisdiction has attached, a party to the suit has no constitutional right to demand notice of the judgment entered by the court. 16A C.J.S. Constitutional Law § 619, p. 803; State v. National Bank of Cleburne, 116 Tex. 214, 288 S.W. 435 (Tex.Com.App., 1926). Having notice of his wife's application for an order for child support, Relator must be held to have had constructive notice of the judgment of January 8th setting the child support payment.

By his second point Relator urges that the judgment on March 11, 1975, holding him in contempt and ordering him to jail is void because the evidence taken at the con-

tempt hearing shows that he was involuntarily unable to pay the amount ordered for child support and had no means of raising the funds necessary to purge himself of contempt. The point is without merit and is overruled.

■ We recognize that the power to administer punishment which is tantamount to life imprisonment cannot be exercised by the courts where it is not within the power of a person to perform. Ex parte Rohleder, 424 S.W.2d 891 (Tex.Sup.1967); Ex parte Ramzy, 424 S.W.2d 220 (Tex.Sup. 1968).

■■ The habeas corpus power of this court does not extend to the determination of fact issues. Ex parte Reid (Ex parte Lytle), 99 Tex. 405, 89 S.W. 956 (1905); Ex parte Olson, 111 Tex. 601, 243 S.W. 773 (1922). An original habeas corpus proceeding in this court is a collateral attack on the contempt decree entered by the trial court. Whether a person can or cannot perform as ordered by a court becomes a question of law only in those instances when, from an examination of the evidence, reasonable minds cannot differ as to the conclusion that he cannot perform as ordered. It is only when the proof adduced at the hearing establishes the controlling issue—in this case, Relator's inability to comply with the court's order, as a matter of law, that this court can regard the order of commitment as being invalid for the reason that a court may not deprive a person of his liberty for failure to comply with a coercive order when performance is impossible. Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1953); Ex parte White, 154 Tex. 126, 274 S.W.2d 542 (1955); Ex parte Townsley, 156 Tex. 402, 297 S.W.2d 111 (1956); Ex parte Rohleder, supra.

In the instant case the evidence shows that Relator's eldest child is approximately three years of age with the youngest being an infant born on January 25, 1975. Relator's wife testified that since the date of the separation in August, 1974, Relator had

given her only $30.00. Relator does not deny that he failed to make the payments ordered by the court. He admitted that after the date of the separation in August, 1974, he had become engaged and had given his fiancee a $120.00 diamond ring.

Relator's testimony discloses that he is regularly employed with a monthly income of $875.00. His take home pay amounts to $421.88 per month. His principal excuse for not having paid child support is based on his testimony that his monthly living expenses; payments on the parties' mobile home; payments on a pickup truck, boat, two bank notes; and a note to his father amounts to $504.38 per month, which leaves him nothing to contribute to his children. While evidence shows that all of the personal property is mortgaged, the evidence further shows that the parties own a one-acre tract of land upon which the mobile home is situated which is not mortgaged. The land has a value of $1,000.00. The evidence also shows that Relator's employer withholds $35.50 per week from his salary for a credit union. The evidence does not show whether this is in payment of a debt or some type of savings account. The evidence further shows that his employer withheld $20.00 per week from his salary for payment to a hospital. There is no explanation of this deduction.

There is no testimony as to whether any of the personal property could be sold at a price in excess of the indebtedness against it. There is no testimony that the one-acre tract of land could not be sold for enough to make the support payments. While Relator was enjoined from disposing of the property, Relator made no effort to have the injunction lifted for the purpose of selling enough property to purge himself of contempt. Nowhere in his testimony did Relator testify that he was unable to borrow the money either from his father, the credit union or the two banks he did business with, nor did he offer any testimony showing that he did not own separate property not mentioned in the divorce proceeding.

The trial court impliedly found that Relator failed to discharge his burden of proof that he was involuntarily unable to pay the amount he was in default. While involuntary inability to comply with the support order is a good defense, the evidence must be such as to conclusively establish involuntary inability to perform as a matter of law. Ex parte Rohleder, supra. Relator had the burden of presenting evidence from which only one reasonable conclusion can be drawn, namely, that he did not have the money, and also that he has no source from which he might reasonably be expected to obtain enough money to pay the sum ordered. Ex parte Kominczak, 470 S.W.2d 304 (Tex.Civ.App., Houston, 1st Dist., 1971). As we view the record, the evidence falls short of conclusively establishing such facts. In these circumstances the judgment rendered by the trial court ordering Relator imprisoned until he purges himself will not be disturbed.

It is ordered that Relator be remanded to the Sheriff of Smith County to be by him confined under the order of the Court and that Relator pay all costs of this proceeding.