### In re KUFFLER.

(District Court, E. D. New York. August 9, 1907.)

**1. BANKRUPTCY—REFUSAL OF DISCHARGE—EFFECT IN SECOND PROCEEDING.**

The refusal of a discharge to a bankrupt renders the issue as to his right to a discharge from debts provable in that proceeding res judicata, and he is not entitled to retry it in a second proceeding, even though the enforcement of such debts may have become barred by limitation; the bar of the statute being available to him as a defense when it is sought to enforce the debts or prove them in the second proceeding, but not on an application for a discharge.

**2. SAME—REDUCTION OF DEBT TO JUDGMENT.**

The fact that a debt proved in bankruptcy proceedings in which the debtor was refused a discharge was afterward reduced to judgment does not create a new debt in such sense that the bankrupt may retry the question of his right to a discharge therefrom in a second bankruptcy proceeding instituted by him.

In Bankruptcy. On motion to stay the bankrupt from applying for a discharge from certain debts.

See 153 Fed. 667.

Benjamin Tuska, for creditors.
Saul S. Myers, for bankrupt.

CHATFIELD, District Judge. The bankrupt, Adolph Kuffler, instituted a voluntary proceeding in the Southern District of New York on May 15, 1899, in which certain claims against him by Hinsdale, Smith & Co. and by Joseph Mayer's Sons were scheduled in his list of debts. After a considerable period of litigation, objections to his discharge having been filed by these creditors, his application for such discharge was dismissed for want of prosecution on the 12th day of October, 1903, and, with reference to these debts, this decision made the questions arising within the scope of that decision res adjudicata as to the bankrupt. An appeal was taken from this decision. The bankrupt petitioned for a review of this order, and this petition was dismissed by the Circuit Court of Appeals for this circuit. A motion for reargument was also denied; and upon the 18th day of December, 1905, the said bankrupt filed a voluntary petition in bankruptcy in the Eastern District of New York, upon which an adjudication was entered. Subsequently an application was made to this court to vacate and set aside this adjudication of December 18, 1905, and to dismiss the bankruptcy proceedings, with a stay of further prosecution by the bankrupt of said proceedings. An order to this effect was entered on the 19th of February, 1906, and from this order an appeal was taken to the United States Circuit Court of Appeals for the Second Circuit. This appeal was decided upon the 7th of January, 1907. 151 Fed. 12, 80 C. C. A. 508. The Circuit Court of Appeals reversed the order of dismissal of February 19, 1906, without prejudice to an application by the creditors, such as was suggested in the opinion. This suggestion is as follows:

"It is the right of an insolvent debtor who may have acquired property and incurred debts subsequent to an adjudication of bankruptcy to prosecute a second proceeding to obtain his discharge. The effect of an order like the one under review would be to deprive him of that right"—the court in its opinion having previously said that "some debts are scheduled in the second proceeding which were not provable in the first."

With reference to the debts and assets scheduled in both proceedings, the court in its opinion says:

"Where the same debts and the same assets are scheduled in the two proceedings, one being commenced subsequent to the termination of the other, it is manifest that the last proceeding is merely an attempt to evade the former one. To permit it would be to sanction a fraud upon the court. As this court said in Re Fiegenbaum, 121 Fed. 69, 57 C. C. A. 409: 'Not only should the court of bankruptcy protect the creditors from an attempt to retry an is-

sue already tried and determined between the same parties, but the court, for its own protection, should arrest, in limine, so flagrant an attempt to circumvent its decrees.' "

The meaning of the Circuit Court of Appeals decision is apparently that the bankrupt, if insolvent, may apply for a discharge from debts acquired subsequently to the first proceeding, and any debts incurred previous to the former proceeding, but not provable therein, provided these debts are such as can be discharged in bankruptcy.

Under this decision, the matters relating to the debts with relation to which a discharge was refused in the first proceeding are res adjudicata as against the bankrupt in so far as the issues involved in the original proceeding affect these claims. The bankrupt has attempted to bring in many questions concerning the original claims and his reasons for being unable to prevent the denial of a discharge in the first proceeding. These are all immaterial so far as the question of a discharge upon the grounds of the original application are concerned.

The bankrupt, as has been decided by the Circuit Court of Appeals, may prosecute the present proceeding with reference to debts not affected by the original proceeding; that is, he may prosecute a proceeding in bankruptcy with reference to any claims, in so far as the issues relating to those claims are outside of those rendered res adjudicata by the order of October 12, 1903. The bankrupt in the present proceeding attempts to take the claims of Hinsdale, Smith & Co. and Joseph Mayer's Sons out of the scope of the former decision, and to free these claims from the question of res adjudicata, by setting up the proposition that these claims have since the original application become unenforceable through the accrual to the bankrupt of a defense under the statute of limitations of the state of New York, and, by the further argument, that these claims have been reduced to judgment in the state court, and thereby merged in new debts provable in the new proceeding. It therefore remains to be considered whether the previous bankruptcy proceeding, or the dismissal of the application for a discharge upon these debts, would prevent the statute of limitations from running. This is a question to be determined by the referee in the present proceeding, and cannot be disposed of upon a motion like the one now before the court, to stay the bankrupt from obtaining a discharge on the grounds already considered in the prior bankruptcy proceeding.

It would seem, therefore, that (inasmuch as the bankrupt was refused a discharge) section 14b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 500 [U. S. Comp. St. 1901, p. 3427]), prohibiting a second application within six years after a prior discharge, is not applicable, and under the decision of the Circuit Court of Appeals, the bankrupt may prosecute the present proceeding with reference to any matters not res adjudicata, and as to any claims not provable in the original proceeding, or not themselves rendered res adjudicata, so far as the present application for a discharge is concerned.

In so far as the claim of the statute of limitations may be a defense, it would be a ground for a motion to expunge the claims before the referee, and would be an answer to any suit upon these claims. The

bankrupt therefore, if insisting upon the defense of the statute of limitations, is not in a position to ask for a discharge in bankruptcy from the claims against which he alleges that the defense exists. He is precluded by the decision in the former proceeding from asking for a discharge from these claims upon the grounds previously adjudicated in the former proceeding, and the motion of the creditors Hinsdale, Smith & Co. and Joseph Mayer's Sons should be granted in so far as they ask for a stay against the bankrupt from applying for a discharge with respect to their claims. With reference to these claims, the bankrupt must be left to his ordinary remedies, and to any defenses which he can substantiate to actions brought upon these claims. The present proceedings may be prosecuted by him with reference to the debts not included in the first proceeding or rendered res adjudicata therein, as above set forth. If, however, the claims have since been merged into judgments, and thus taken out of the six-year statute of limitations, it must first be determined whether thereby a new debt has been created. It may be admitted that the judgment is a new debt in so far as it wipes out the old debt upon the simple cause of action, and would defeat the effect of a previous discharge, if the creditor elected and were allowed to obtain the judgment in preference to claiming his rights under the old bankruptcy proceeding. Bradford v. Rice, 102 Mass. 472, 3 Am. Rep. 483. But it does not follow that, where a discharge has been refused, a prosecution to judgment will create a debt upon which a new petition in bankruptcy can be founded. This would defeat the very object of the section. Bankr. Act 1898, as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797, § 14b, subd. 5 [U. S. Comp. St. Supp. 1905, p. 684].

As to the further contention that, upon an application for discharge, the effect of a discharge cannot be considered, but merely the bankrupt's right thereto (In re Claff [D. C.] 111 Fed. 506; In re Thomas [D. C.] 92 Fed. 912; In re Rhutassel [D. C.] 96 Fed. 597), it is considered that the objection is without force upon this motion.

The discharge is from "all provable debts except the debts therein specifically excepted" (section 17, Bankr. Act 1898), and the debts in question herein are provable and will be discharged, especially as they have been included in the present schedules, unless excepted from the discharge in terms; that is, "specifically" named as excepted.

The cases cited by the bankrupt, and referred to, supra, hold simply that if a debt is not provable (that is, not such a debt as can be discharged) that fact is to be determined when the discharge is set up as a defense to their enforcement, and not upon the application for the discharge itself. But these cases are not authority for the proposition that provable debts, not intended to be discharged, should not be specifically excepted from the order of discharge.

The motion to stay the bankrupt from applying for a discharge upon the debts of Hinsdale, Smith & Co. and Joseph Mayer's Sons will be granted.