In re PURRIER et ux.

No. 14437.

District Court, W. D. Washington, S. D.

Sept. 25, 1947.

Robert W. Garver, of Camas, Wash., for bankrupts.

Edgar M. Swan, of Vancouver, Wash., for James H. Rosencrans.

LEAVY, District Judge.

This matter came on for hearing before the court on June 23, 1947, on petition of the bankrupts for review of an order, made by the referee in bankruptcy on February 5, 1947, granting an unqualified discharge as to all debts scheduled except the claim of James H. Rosencrans and wife in the sum of $10,025.

The facts, briefly summarized, are that, on October 19, 1939, a jury in the superior court of the State of Washington for Clark County, in a personal injury action, returned a verdict in favor of the plaintiffs, James H. Rosencrans and wife, and against the defendant, George R. Purrier, Jr., for $10,000. Purrier seasonably filed a motion for judgment n. o. v. and for a new trial. While these motions were pending, Purrier

and wife, December 29, 1939, filed a petition in bankruptcy, which included the $10,-000 verdict; and, on January 2, 1940, were adjudicated bankrupts. February 24, 1940, an order of discharge in bankruptcy was entered. Subsequent to the entry of the order of discharge, the motions which were then pending in the state court were denied, and a judgment was entered on the jury's verdict. Following the entry of the judgment, a further proceeding was had in the state court, wherein it was held that the bankruptcy proceeding did not have the effect of discharging the obligation out of which the judgment arose. This order became final, as no appeal was taken.

March 22, 1946, more than six years after their discharge in the first bankruptcy proceeding, the bankrupts herein filed a second petition, and were again adjudicated bankrupts. The only debt listed in this second petition was the judgment in favor of Rosencrans. April 16, 1946, Rosencrans made his first appearance in the bankruptcy proceeding by filing a motion to dismiss the proceeding, for the reason that the debt scheduled was the same debt as had been listed in the earlier bankruptcy proceeding, and was res judicata. November 15, 1946, an order was entered by the referee in bankruptcy denying the motion to dismiss; and, on the same day, an order was made fixing December 17, 1946, as the last day for the filing of objections to the discharge of the bankrupts, and due notice thereof was given.

November 18, 1946, the scheduled creditor, Rosencrans, filed his objections to the discharge of the bankrupts, based upon the same grounds as set forth in his original motion to dismiss. The objections were set down for hearing on December 31, 1946. Neither the attorney for the bankrupts nor the bankrupts appeared at the time and place set. The attorney for the creditor, Rosencrans, was present and submitted authorities in support of his objections. February 5, 1947, the referee entered his order herein granting the discharge of the bankrupts and excepting therefrom the scheduled judgment in favor of Rosencrans. The Rosencrans' claim having been the only

one listed, the qualified order of discharge, in effect, became a dismissal of the bankruptcy proceeding.

. February 20, 1947, the bankrupts filed their petition for review of the proceeding, for the reason that no formal notice had been given to them of the hearing on the objections to their discharge, and that Rosencrans, not having filed a claim, was not entitled to object to a discharge; also, that the order of the referee excepting Rosencrans' claim from the operation of the order of discharge is contrary to law. March 3, 1947, the judgment creditor, Rosencrans, filed·in this court a motion to dismiss the petition of the bankrupts for review, on the ground that such petition had been seasonably filed within ten days after the ·order was entered, as provided by section 39, sub. c, of the Act, 11 U.S.C. A. § 67, sub. c.

As to the objection by the bankrupts that they had no notice of the hearing on the objections to discharge, the record discloses that the date of the hearing thereon was set more than thirty days after the filing of the objections, as required by law; that such setting was at the special instance and request of the attorney for the bankrupts; and that he gave notice of the hearing to the attorney for the objecting creditor. He cannot now be heard to say that he did not know when the hearing was to be had. The ·contention made by the bankrupts that the creditor, not having filed his claim in the bankruptcy proceeding, was not entitled to object to the discharge, is likewise without merit.

A creditor of a bankrupt may oppose the latter's discharge even though he·has not filed his claim against the estate of the bankrupt. The rule is announced in Re Dockins, 7 Cir., 107 F.2d 33, as follows:

"The authorities are in accord in holding that a creditor of a bankrupt may oppose the latter's discharge, even though he has not filed his claim against the estate of said bankrupt."

We find the same rule stated in Remington on Bankruptcy, 5th Ed., sec. 3208.

The issue raised by the creditor that more than ten days had elapsed between the time of the entry of the referee's order of discharge, February 5, 1947, and the filing of the petition for review by the bankrupts, February 20, 1947, is a matter entirely within the discretion of the bankruptcy court. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146. Sufficient cause has been shown here to warrant the court, in the exercise of sound discretion, to consider the petition for review, and, therefore, the motion of the bankrupt creditor to dismiss is overruled.

The important question is whether the debt scheduled in the bankrupts' prior proceeding is the same debt as that scheduled in their second proceeding. The fact that the debt in the first bankruptcy proceeding was scheduled as the verdict of a jury and in the second bankruptcy proceeding it was scheduled as a judgment, would not create a new debt so as to permit the bankrupts to retry the question of their right to a discharge therefrom where they had already been granted a discharge in the ′first proceeding. Such discharge became res judicata. In re Kuffler, D.C., 155 F. 1018; In re Schnabel, D.C., 166 F. 383.

The bankruptcy act, sec. 1(14), 11 U.S.C. A. § 1(14), defines "debt" as follows: " 'Debt' shall include any debt, demand, or claim provable in bankruptcy."

The bankrupts herein had the option of liquidating their debt in the state court prior to securing their discharge in the first bankruptcy proceeding, or they could have had it liquidated in that bankruptcy proceeding. They did neither. The first bankruptcy proceeding had jurisdiction over all debts that were provable in bankruptcy. The judgment therein became res judicata. In re Scandiffio, D.C., 63 F. Supp. 264; In re Barber, 3 Cir., 140 F.2d 727.

"The question often arises as to what court determines whether or not a particular debt is released by a discharge, since the certificate of discharge itself is silent as to the liabilities affected. · Normally the court in which a debt is proceeded upon is the proper forum to determine whether a

discharge releases a particular debt." 1 Collier on Bankruptcy, 14th Ed., sec. 17.28.

Where a creditor in a second bankruptcy proceeding pleads res judicata, as has been done here, the court must consider and pass upon such plea. In re Plowfield, D.C., 49 F.Supp. 35.

Finding no error in the qualified order of discharge as entered by the referee herein, the petition for review will be dismissed and the order of the referee affirmed.