**In the Matter of Elizabeth Hopkins BROWN, Debtor.**

**No. 75922.**

United States District Court
S. D. California,
Central Division.

Oct. 24, 1958.

Irving Sulmeyer, Los Angeles, Cal., for debtor.

Styskal, Styskal & Wiese, North Hollywood, Cal., for petitioner on review.

Ronald Walker, Los Angeles, Cal., referee in bankruptcy.

CLARKE, District Judge.

This matter is now before the court for review of the referee's order denying a motion to dismiss a proceeding under

Chapter XIII (Wage Earners' Plans) of the Bankruptcy Act [30 Stat. 544 (1898), as added, 11 U.S.C.A. §§ 1001–1086], pursuant to section 2, sub. a(10) of that Act, 11 U.S.C.A. § 11(a) (10).

The plan under consideration is one solely for an extension. A petition for its confirmation was filed December 19, 1956. The referee confirmed it on February 7, 1957. On May 3, 1957, the debtor was ordered to show cause why the proceedings should not be dismissed upon the ground that within six years prior to the commencement of the proceedings she had received a discharge in a previous bankruptcy proceeding. This order was issued at the request of the petitioner, a non-consenting creditor.

On May 16, 1957, a hearing was held both upon the order to show cause and a motion by the non-consenting creditor to dismiss the proceedings for the grounds stated in the order to show cause.

In an order dated January 15, 1958, the referee denied the motion to dismiss the proceedings on the ground that a prior discharge in bankruptcy, within six years prior to filing such a petition under the provisions of Chapter XIII of the Bankruptcy Act, was not a basis for denying confirmation of such a plan under section 656, sub. a(3) of that chapter.

The issue raised by this review concerns solely the propriety of the referee's order denying the motion to dismiss the proceedings. Whether or not the referee should have confirmed the plan, had the prior discharge been brought to his notice *prior* to the plan's having been confirmed, is an entirely different question and is not here in issue.

A dismissal of the proceedings necessarily would have included the setting aside of the order confirming the plan.

■ Section 671 of the Act provides alternative courses of action which the court may follow "if, upon the application of parties in interest filed at any time within six months after a plan has been confirmed, it shall be made to ap-

pear that *fraud* was practiced in the procuring of such plan and that knowledge of such fraud has come to the petitioners since the confirmation of such plan— * * *." (Emphasis added.)

There is no claim that fraud was practiced in the procuring of the plan. Thus, no authority for setting aside the order of confirmation is to be found in section 671.

Section 2(9) gives the referee authority to "confirm or reject arrangements or plans proposed under this Act, *set aside* confirmations of arrangements or *wage-earner plans* and reinstate the proceedings and cases; * * *." (Emphasis added.)

May recourse be had to section 2(9) for authority to set aside the referee's order confirming the plan under Chapter XIII, or is section 2(9) limited by section 671 so that a plan, once confirmed, may be set aside only for fraud in its procurement?

Section 671 was added to the Bankruptcy Act by the Chandler Act [52 Stat. 937 (1938), 11 U.S.C.A. § 1071], which also repealed section 13 [c. 541, 30 Stat. 550 (1898)]. Section 671 of Chapter XIII is similar to the repealed section 13, 11 U.S.C.A. § 31, which provided: "The judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that *fraud* was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioner since the confirmation of such composition." (Emphasis added.)

■ In re Isidor Klein, Inc., 2 Cir., 1927, 22 F.2d 906, held that section 13 contained the only grounds for setting aside an order confirming a plan for composition. There the court relied upon the reasoning set forth In re Rudnick, D.C.D.Mass.1899, 93 F. 787, in which, after concluding that section 13 limited the more general provisions of section

2(9), the court said, at page 789: "Perhaps a case may be imagined, not within the terms of section 13 of the latter act, where this court would have jurisdiction to vacate its decree of confirmation improvidently rendered; but, plainly, congress did not contemplate that a composition should be set aside on the ground that a creditor had failed to get notice of the proceedings because his address was misstated in the bankrupt's schedule by mistake."

Petitions to set aside orders of discharge involve a similar problem, namely, the proper construction and application of section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33.

Many cases hold that courts of bankruptcy possess a general equity jurisdiction to set aside discharges where equitable grounds other than fraud (e. g., mistake, inadvertence, surprise or excusable neglect) are shown in an application seasonably made. Sherman & Son v. Corin, 1 Cir., 1934, 73 F.2d 468; Rash v. Metzger, 3 Cir., 1929, 31 F.2d 424; In re Louisville Nat. Banking Co., 6 Cir., 1908, 158 F. 403; In re Goldenberg & Halbert, D.C.E.D.Pa.1923, 286 F. 292; In re Applegate, D.C.S.D.N.Y.1916, 235 F. 271. A case to the contrary is In re Aasand, D.C.D.N.D.1925, 7 F.2d 135. These cases involved efforts by creditors to set aside orders of discharge because notice of the application for discharge was not received, or specifications of objection to discharge were unavoidably, or inadvertently, not filed.

In the case at hand, a wage-earner's plan for an extension had been confirmed. Thereafter, the creditor petitioned the referee to dismiss the proceedings. The record before the court offers no explanation as to why the objection was first proffered subsequent to the confirmation of the plan.

It is unnecessary to decide whether, in a proper case, absent any showing of fraud, a court of bankruptcy might revoke or set aside such a wage-earner's plan once it has been confirmed. Even if a court of bankruptcy has such power,

no basis for the granting of such equitable relief has been shown to exist in this case. The referee's order denying the motion to dismiss the proceedings is confirmed.