YARRUT, Judge.
This is a suit on an open account. Defendant denies liability, contending he was discharged as a voluntary bankrupt by the United States District Court for the Eastern District of Louisiana (Case No. 65-169), in which Plaintiff was duly listed as a creditor by him in accordance with the Bankruptcy Statute, 11 U.S.C.A. § 25 (a) (8); that he was finally discharged from all the debts listed, including this claim of Plaintiff, on April 19, 1965, a copy of which final discharge is attached to his answer.
Plaintiff does not deny the bankruptcy proceedings, nor that its claim was listed, nor that Defendant was ultimately discharged in bankruptcy. Its only contentions are (1) that it received no official notice of the bankruptcy proceedings, and (2) the amount of the claim was listed as less than the amount due it
*100 With regard to the first contention, the required notice to creditors listed by the bankrupt must be given by the Referee, Bankruptcy Statute, 11 U.S.C.A. §§ 94(c), 67(a) (1). If a duly listed creditor fails to receive notice of the bankruptcy, the failure cannot be charged to the discharged bankrupt; and the failure of the creditor to be served with notice does not prevent the discharge of the debt. 8B C.J.S. Bankruptcy § 577(1), p. 78 and the cases cited therein.
Plaintiff’s second contention is equally without merit. A discrepancy in the amount scheduled and the amount actually due will not prevent a discharge in bankruptcy. 1 Collier on Bankruptcy, Sec. 17.23, p. 1657 and the cases cited therein. This view is consistent with that expressed in J. R. Watkins Co. v. Brumfield, 86 So. 2d 263 at 265 (La.App. 1st Cir.) :
“Further, as the chief purpose of the schedule of creditors and liabilities is to list the creditors entitled to notice of the proceedings, and somewhat to limit the discharge only as to those creditors with notice, ‘Accuracy is not so important in stating the amount of the debt, its consideration, or when or where contracted,’ Collier on Bankruptcy (12th Edition) 261; see 8 C.J.S., Bankruptcy, § 39, Subdivision Purpose, p. 463. The amount of a claim is determined not by its listing on the schedule prepared by the bankrupt debtor, but by the proof of claim submitted by the creditor, 8 C.J.S., Bankruptcy, § 425, p. 1285. Such schedules therefore often reflect general rather' than exact balances allegedly due *
The lower court held the debt sued for was discharged and dismissed Plaintiff’s suit, from which Plaintiff has taken this appeal.
Since Plaintiff was properly listed by name and address, even though the amount stated was less than due it, the judgment of the First City Court is correct and is affirmed.
Judgment affirmed.