HEARD, Judge.
This is an appeal from a judgment staying all proceedings in the First District Court. On October 25, 1961 Catherine Ann Tamborella filed suit against Grady Robison for personal injuries and property damage caused by a rear-end collision between Robison’s truck and Miss Tamborel-la’s automobile. Miss Tamborella prayed for $63,000 in damages; answer was duly filed but no action taken. On January 30, 1970 counsel for Robison filed a motion to stay all proceedings, attaching a discharge in bankruptcy of Grady Robison rendered May 10, 1968. Grady Lawrence Robison and Elizabeth Scott Robison filed bankruptcy proceedings in the United States District Court for the Western District of Louisiana on March 7, 1968 and Catherine Ann Tamborella was listed as an unsecured creditor. The debt was listed thus:
"17. Catherine Ann Shreveport, La. Automobile 4/26/61 Tamborella Accident Disputed 5000.00"
The motion was granted by the trial judge which stayed all proceedings. After denial of a motion for a new trial, Miss Tamborella appealed alleging that she had not been properly scheduled as a creditor and had received no notice of the proceedings.
There is no question that an unliquidated tort claim on which an action has been filed prior to and pending at the time of the filing of the petition in bankruptcy is a provable debt in bankruptcy. 11 U.S.C.A. § 103(a) (7); 8A C.J.S. Bankruptcy § 402 (1970); Goldsmith v. Overseas Scientific Corporation, 188 F.Supp. 530 (S.D.N.Y. 1960); Resolute Insurance Company v. Underwood, 230 So.2d 433 (La.App., 1st Cir. 1970); and 31 La.L.Rev. 309 (1971).
Among the duties of the bankrupt as prescribed by 11 U.S.C.A. § 25(a) (8) is the burden of providing a schedule of his property and a list of all of his creditors, including all persons asserting contingent unlisted or disputed claims, showing their residences or places of business, if known. Counsel for Miss Tamborella asserts that *478 the bankrupt must include the street address of the creditor in order to properly schedule the creditor. This issue was resolved in 1915 when the United States Supreme Court held that the bankruptcy act did not require a listing of the creditor’s street address on the schedule. Kreitlein v. Ferger, 238 U.S. 21, 35 S.Ct. 685, 59 L. Ed. 1184. Further, the referee is charged with the duty of examining all schedules and causing those he deems to be incomplete amended. 11 U.S.C.A. § 67(a) (3). Thus the debt was properly scheduled.
Counsel for plaintiff alleges that his client did not have proper notice because the notice was returned to the referee, who gave it to the bankrupt’s attorney. It is alleged by counsel for plaintiff that Robison’s attorney knew who represented Miss Tamborella and should have sent notice to her attorney. The Bankruptcy Act 11 U.S.C.A. § 67(a) (1) charges the referee with giving notice to the creditors. Failure of a duly scheduled creditor to receive notice of the bankruptcy cannot be charged to the discharged bankrupt. U. Koen & Company v. Accardo, La.App., 188 So.2d 99 (4th Cir. 1966).
We find no error in the ruling of the trial court and the judgment is hereby affirmed.