531 P.2d 559

**Lemuel JONES, Appellant,**

v.

**Roy MARTIN, Appellee.**

**No. I CA–CIV 2314.**

Court of Appeals of Arizona,
Division 1,
Department C.
Feb. 4, 1975.
Rehearing Denied Feb. 28, 1975.
Review Denied April 1, 1975.

Joseph K. Brinig, Phoenix, for appellant.

Karman & Brumage by Howard H. Karman, Casa Grande, for appellee.

## OPINION

FROEB, Judge.

In January 1971, Appellee Roy Martin (Martin) filed suit in Maricopa County Superior Court to enforce a 1968 default judgment entered by the County Court of Tom Green County, Texas, against Appellant Lemuel Jones (Jones). Jones defended by asserting that the debt was discharged in bankruptcy by order of the United States District Court for the District of Arizona on August 25, 1971.

The case was tried to the court, sitting without a jury. Evidence was introduced that Jones had commenced voluntary bankruptcy proceedings in Arizona on July 31, 1970. In accordance with the requirements of the Bankruptcy Act, Jones prepared and submitted to the Bankruptcy Court a list of his creditors, their respective addresses and the amount of his indebtedness to each. The list is referred to as a "Schedule A–3." Jones listed his indebtedness to Martin in the Schedule A–3 by way of the following entry:

| "ROY D. MARTIN 2800 Cristoval Road San Angelo, Texas 79601 | District Court of Tom Green County, Texas; Judgment # unknown, date- 1968 | $12,000.00 |
| "Sent [1] notice to: | Hardemann, Smith & Keever Attorneys at Law P. O. Drawer 1588 San Angelo, Texas, 76901" | |

Martin testified that he never received notice by mail of the bankruptcy proceedings, even though his mailing address was correct. The clerk of the Bankruptcy Court testified that notice of the proceedings was mailed to the attorneys listed on the schedule, but not to Martin at his address. She stated that this omission was not in accord with routine court procedures which would have resulted in mailing notice to *both* the creditor and counsel at their respective addresses. The evidence further indicated that the listed law firm did not in fact represent Martin, although at one time Martin had considered using the services of Mr. Hardemann. Martin contended that the failure to provide him with notice of the bankruptcy proceedings defeated the discharge of the debt. Jones contended that the debt was discharged without actual notice because it was "duly scheduled" within the meaning of the Bankruptcy Act.

The trial court determined that Martin had not received actual notice of the bankruptcy proceedings and upheld his contention that the debt was not "duly scheduled." Judgment was entered against Jones for

$14,494.62 plus interest and costs from which he now appeals.

■ The first question is whether the debt was "duly scheduled" within the meaning of the Bankruptcy Act so as to be discharged. If it was, then it is immaterial that actual notice of the bankruptcy proceedings was not received by the creditor. Kundert v. Riese, 225 Wis. 276, 274 N.W. 286 (1937).

Sections of the Bankruptcy Act (11 U. S.C.A. § 1 et seq.) which relate to the issues are:

"§ 25. Duties of bankrupts

"(a) The bankrupt shall . . . (8) prepare, make oath to, and file in court within five days after adjudication, if an involuntary bankrupt, and with his petition, if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof and its money value, in detail; and a list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residences or places of business, if known, or if unknown that fact to be stated, the amount due to or claimed by each of them, the consideration thereof, the security held by them, if any, and what claims, if any, are contingent, unliquidated or disputed; . . . ."

\* \* \* \* \* \*

"§ 35. Dischargeability of debts— Debts not affected by discharge

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; . . . ."

1. "Sent" and not "send" was used by Jones in the schedule. The apparent typographical mistake is, however, of no significance in the resolution of the case.

\* \* \* \* \* \*

"§ 94. Notices

"(a) Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt or as afterward filed with the papers in the case by the creditors . . . ..

\* \* \* \* \* \*

"(c) All notices shall be given by the referee unless otherwise ordered by the judge. Any notice required by this title may be waived in writing by any person entitled thereto."

It is not disputed that the name and address of Martin appearing on the schedule are correct, as is the description of the debt. It is the additional "sent to" entry stating the name and address of the law firm which is claimed by Martin to vitiate the scheduling of the debt and thereby to cause it not to be discharged in the bankruptcy proceeding.

■ The United States Supreme Court, in an early case, dealt with a related question in Kreitlein v. Ferger, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184 (1915). There the court found that an entry indicating only the first initial, last name and city of a judgment creditor complied with the requirement of listing creditors by name at their respective addresses, where the debtor did not know the correct address.[2] *Kreitlein* has been interpreted to mean a street address is not always required in order to impute notice to the creditor. Tamborella v. Robison, 245 So.2d 476 (La.App. 2nd Cir. 1971). The underlying reason is that bankruptcy is an in rem proceeding and service of process or personal notice is not essential to give binding force to the decree. Hanover National Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902). A debt is held to be duly scheduled when the bankrupt has given information indicating the name of the creditor, the debt and a sufficient description of the debt so that the creditor

may recognize it. Sline v. Layden, 91 S. W.2d 983 (Tex.Civ.App.1936). A duly scheduled debt serves to give constructive notice of the proceedings to a creditor even though he may never have received written notice by mail. State v. National Bank of Cleburne, 116 Tex. 214, 288 S.W. 435 (1926).

■ In contrast, where the proper address was known to the debtor but was not listed by him on the schedule, the United States Supreme Court has held that the failure to do so was equivalent to not scheduling the claim. Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904). An entry lacking a full or correct address, because the debtor fails to exercise reasonable diligence in ascertaining the residence of his creditors, has also been held insufficient as a scheduled debt. Continental Purchasing Co. v. Norelli, 135 N.J.L. 93, 48 A.2d 816 (1946). Similarly, if the debtor, while possessing knowledge of the correct address, lists a totally incorrect address for the purpose of keeping knowledge of bankruptcy proceedings hidden from his creditor, the debt is not duly scheduled. In re D'Alessio, 24 F.Supp. 563 (D.C.1938).

■ Upon a review of these and other authorities, we are persuaded that the debt in this case was duly scheduled within the meaning of the Bankrupty Act.

■ Even though the entry on Schedule A-3 in the present case meets the requirements for a duly scheduled debt, appellee contends it was misleading to the Bankruptcy Court. There is no evidence, however, that such was the case. The gist of the testimony of the clerk of the Bankruptcy Court is that through a clerical mistake, notice was mailed only to the law firm and not to the creditor, contrary to the procedures normally followed by the Bankruptcy Court where both addresses are given. She stated that the court would normally send the notice to both addresses. Under such circumstances, where a duly listed

2. The schedule listed an entry showing a debt in 1895 of $271.85, for merchandise, to C. Ferger, Indianapolis.

creditor fails to receive notice from the court, the omission will not operate to prevent the discharge of the debt. U. Koen and Co., Inc. v. Accardo, 188 So.2d 99, 100 (La.App. 4th Cir. 1966); Covington Bros. Motors v. Robinson, 239 Ala. 226, 194 So. 663 (1940).

Appellee suggests that Venson v. Housing Authority of City of Atlanta, 337 F.2d 616 (5th Cir. 1964) requires a contrary result. However, we find it is distinguishable on its facts. In that case, the scheduling entry, among other things, provided neither a correct address nor a statement that the address was unknown, as is required by the Bankruptcy Act.[3] The court held that the entry was likely to confuse the bankruptcy clerk as to where the notice of the proceedings should be sent and found, as a matter of law, that it was not duly scheduled.

In the case before us, we find no such misleading element. The address of Roy Martin, the creditor, is both accurate and certain. Under the procedures of the Bankruptcy Court, a copy of the notice should have been sent both to Martin and the law firm. As appears from the testimony of the clerk of the Bankruptcy Court, the failure of the Bankruptcy Court to send a copy of the notice to Martin by mail can be attributed to a mistake not to misdirection. Under these circumstances, the omission will not operate to prevent a discharge of the debt.

Since the debt was duly scheduled, it was discharged, and Jones was entitled to judgment upon the affirmative defense set forth in his answer. It is not therefore necessary to consider the second question, namely whether Martin received actual notice of the bankruptcy proceeding, for that becomes immaterial.

The judgment is reversed and the case remanded to Superior Court for entry of judgment in favor of appellant.

NELSON, P. J., and WREN, J., concur.

3. The entry in that case read as follows: "Judgment Superior Court of Fulton, County, Georgia Case No. A–8844, The Housing Authority of the City of Atlanta, dated February 18, 1963.
7,200"