In re Samuel TORRES and Diana Torres, Debtors.

Bankruptcy No. 881–80501–18.

United States Bankruptcy Court, E. D. New York.

Dec. 9, 1981.

Philip Irwin Aaron, P. C., Jericho, N. Y., for petitioner.

Bernard S. Greco, Jericho, N. Y., for debtors.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Vanguard Holding Corp. (petitioner) moves to revoke the order of this Court dated May 27, 1980, confirming the Chapter 13 plan filed by Samuel and Diana Torres (debtors). Coordinate therewith petitioner requests a hearing on its objection to the plan.

Petitioner alleges that the plan does not comply with 11 U.S.C. § 1325(a)(1) in that petitioner was not served with timely notice of the bankruptcy proceedings and, as a causal consequence, petitioner was unable to file its objections to debtors' Chapter 13 plan prior to the confirmation hearing held on May 18, 1981.

A hearing on petitioner's motion was held on June 22, 1981, and on June 23, 1981.

The facts pertinent to the issue follow.

(1) Debtors granted a mortgage on their principal residence to petitioner on May 11, 1979, and the mortgage was duly recorded on May 17, 1979.

(2) The mortgage constitutes a first lien upon the principal residence of the debtors.

(3) Debtors are presently in default under the terms of the mortgage.

(4) On February 13, 1981, debtors filed a Chapter 13 petition in bankruptcy. Thereafter, on March 6, 1981, an order for meeting of creditors, combined with notice thereof consonant with the automatic stay proscript, was issued by the Court to all creditors listed in the petition.

(5) Petitioner was correctly listed in the schedule of creditors on the debtor's petition.

(6) The record discloses that based on an error by Electronic Processing Inc. (E.P.I.), a computer service employed by the standing Chapter 13 trustee, notice was mailed to petitioner at 900 Hempstead Turnpike rather than to 1900 Hempstead Turnpike, petitioner's correct address. The notice mailed to petitioner was never returned to the Clerk of the Court. Petitioner admits that notice was ultimately received, however no notations as to when the notice was received are in the record. Petitioner merely denies timely receipt of notice.

(7) Counsel for debtors introduced evidence that notice advising petitioner of the filing of a petition in bankruptcy by debtors was mailed to petitioner four (4) days after the petition was filed. Pursuant to the usual practice and in accordance with the books and records of debtors' counsel, the notice contained the name and address of petitioner, the debtors' names, the bankruptcy case number, and a copy of the debtors' Chapter 13 plan. It is the policy of debtors' counsel to mail such a notice to all creditors and to contact a creditor by phone in the event such creditor ignores the automatic stay provisions set forth in 11 U.S.C. §§ 362(a), 1301(a). The record discloses that debtors' counsel followed the above format in the instant case.

(8) Business records introduced by debtors demonstrate that debtors' counsel had phoned petitioner on several occasions. Additionally, an officer of petitioner testified that she received one telephone call from debtors' counsel as early as a month prior to the confirmation hearing.

(9) Pursuant to 11 U.S.C. § 1324, a confirmation hearing was held on May 18, 1981, however petitioner failed to appear or to file its objections to debtors' plan.

(10) An order confirming the plan was entered by the Court on May 28, 1981.

Petitioner's motion to vacate the order of confirmation presents the following issues for determination by this Court:

I.  Did petitioner receive timely notice of the bankruptcy proceedings in compliance with 11 U.S.C. § 1325?

II.  May the Court revoke an order of confirmation after notice and a hearing absent evidence that the order of confirmation was procured by fraud?

The text of § 1325(a) of the Bankruptcy Code as here pertinent, reads:

The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and *with other applicable provisions of this title.* (Emphasis added).

Title 11, § 342 of the Bankruptcy Code provides, "There shall be given such notice as is appropriate of an order for relief in a case under this title."

■ Notice reasonably designed to bring the matter in ordinary course to the creditor's attention is sufficient, and actual receipt of notice by the creditor is not required. *North American Car Corporation v. Peerless Weighing & Vending Machine Corporation*, 143 F.2d 938 (2nd Cir. 1944). Furthermore, clerical errors or minor inaccuracies in notices to creditors will not vitiate the proceedings. *In re Hill*, D.C. New York 1867, Fed.Cas.No. 6,481; *accord Jones v. Martin*, 23 Ariz.App. 182, 531 P.2d 559 (1975).

The procedure in courts of bankruptcy in cases under Chapter 13 is governed by the Chapter 13 Rules of Bankruptcy Procedure. The text of Bankruptcy Rule 13–203, as here pertinent, reads:

(a) *Ten Day Notice to All Creditors.* Except as provided in subdivision (e) of this rule, the court shall give all creditors secured by estates in real property, or chattels real, at least 10 days notice by mail of (1) a meeting of creditors and (2) the hearing on confirmation of a plan.

■ Since notice by mail is complete upon mailing, Bankruptcy Rule 906(e), the requirement of this subdivision is satisfied if the notices it prescribes are deposited in the mail at least ten days before the event. There is a presumption that a letter properly directed and stamped, sent by post, will be properly transmitted and received. *In re Seymour*, 113 Misc. 421, 185 N.Y.S. 373. Where notice has not been returned to the sender, the presumption is buttressed that said notice was received by the addressee. *In re Roslyn Gardens*, F.Supp., CCH Dec. ¶ 59,115 (E.D.Pennsylvania 1957). *Wyser v. Estrin*, 129 N.Y.S.2d 487 (Kings Co., 1954), *appeal dismissed*, 285 A.D. 827, 136 N.Y. S.2d 744 (2nd Dept., 1955). Testimony which constitutes a mere denial that the notice has been received is insufficient. *In re Roslyn Gardens, supra.*

In re DCA Development Corp., 489 F.2d 43 (1st Cir. 1973), the Court of Appeals for the First Circuit considered an additional factor relevant to the case at bar. The court stated that in determining the adequacy of notice and opportunity for a hearing in bankruptcy proceedings, the Court must balance the individual's interest in adequate procedure against the overall interest of efficient, final resolution of claims.

■ Under the circumstances of this case, the Court finds that petitioner received the requisite notice prescribed by 11 U.S.C. § 342 and that debtors' plan was confirmed in compliance with 11 U.S.C. § 1325.

Assuming arguendo that petitioner did not receive formal notice pursuant to Bankruptcy Rule 13–203, the Court, nonetheless, would be compelled to deny petitioner's motion for an order revoking the order confirming debtors' plan.

■ Failure of a creditor to receive notice properly given in bankruptcy proceedings does not affect the validity of a confirmation order, but only provides grounds for appeal to the Court to exercise its discretion favorably toward said creditor. *North American Car Corporation v. Peerless Weighing & Vending Machine Corporation*,

143 F.2d 938 (2nd Cir. 1944); *cf. U. Koen & Co. v. Accardo*, 188 So.2d 99 (La.App., 1966). (Failure of creditor duly listed by bankrupt to be served with notice of bankruptcy did not prevent discharge of such debt).

■ The court's jurisdiction in bankruptcy proceedings is not dependent on the actual reception of notice of said proceedings by the creditors. *In re DeSoto Crude Oil Purchasing Corporation*, 35 F.Supp. 1 (W.D.Louisiana, 1940). Creditors having actual knowledge of bankruptcy proceedings in time to protect their rights are afforded equal protection, though they did not receive mailed notices. *Id.* Even where formal notice to affected parties is omitted or is insufficient, informal or constructive notice which provides them with some opportunity for a fair hearing can satisfy procedural requirements. *In re DCA Development Corp., supra.*

■ It is incumbent upon creditors to follow the record for the administration of the bankruptcy estate and discover for themselves orders which they may want to challenge. *Matter of St. Cloud Tool & Die Co.*, 533 F.2d 387 (8th Cir. 1976).

Petitioner by its own admission had actual knowledge of the bankruptcy proceedings well in advance of the date set for confirmation hearing on debtors' plan.

■ Petitioner is a sophisticated lending institution, familiar with bankruptcy proceedings. Based on the knowledge that debtors had filed a petition in bankruptcy, a prudent creditor would be put on notice to make inquiries, notwithstanding the absence of formal notice. Petitioner, without good cause shown, chose to do nothing. Where petitioner had actual knowledge and failed to act, petitioner cannot now be heard to object to the lack of formal knowledge. *See, e.g., Connelly v. Hancock, Dorr, Ryan & Shove*, 195 F.2d 864, 867–868 (2nd Cir. 1952); *In re Purrier*, 73 F.Supp. 418, 420 (W.D.Wash.1947).

Based on the foregoing, the Court finds that petitioner had actual knowledge that debtors had filed a Chapter 13 petition in bankruptcy and that petitioner had timely notice of the confirmation hearing.

II

With respect to petitioner's request for an order revoking the order of confirmation, 11 U.S.C. § 1330(a) provides:

(a) On request of a party in interest at any time within 180 days after the date of entry of an order of confirmation under section 1325 of this title, and after notice and a hearing the court may revoke such order if such order was procured by fraud.

Unquestionably, petitioner as the holder of a claim secured by a lien is a party in interest. It is clear that the request was made within 180 days after the entry of the order of confirmation.

However, petitioner does not allege that the order of confirmation was procured by fraud.

Where there was no claim that fraud was practiced in procuring the plan, and the record offered no explanation as to why objection was first proffered subsequent to confirmation of the plan, even if a court of bankruptcy had power to set aside the plan once it had been confirmed, there is no basis for the granting of such equitable relief. *In re Brown*, 166 F.Supp. 903, 905 (S.D.California 1958).

In the case at bar, the Court has found that timely notice of the proceedings was sent to petitioner. There is absent any showing of fraud or any reasonable explanation as to why Vanguard delayed in filing its objections to debtors' plan. No meritorious basis for the revocation of the order confirming debtors' plan has been shown to exist in this case.

CONCLUSION

For the reasons set forth above, petitioner's motion is denied.

SETTLE ORDER.