**T.O.S. INDUSTRIES, INC., Appellee,**

v.

**ROSS HILL CONTROLS CORPORATION,**
**Appellant.**

**Civ. A. No. H–86–3922.**

United States District Court,
S.D. Texas,
Houston Division.

April 8, 1987.

Tom Collins, Sheinfeld, Maley & Kay, Houston, Tex., for T.O.S. Industries, Inc.

Craig E. Power, Krell & Torigian, Houston, Tex., for Ross Hill Controls Corp.

## MEMORANDUM ON APPEAL

HUGHES, District Judge.

The bankruptcy court has determined that an earlier ruling in this bankruptcy in a separate adversary proceeding between the debtor and a different creditor is binding upon Ross Hill. Ross Hill appeals. Ross Hill also appeals the denial of its request for a jury. This court will: (1) reverse the ruling that precludes Ross Hill from litigating the date of insolvency; and (2) reverse the denial of the jury trial in the bankruptcy court.

### Background.

T.O.S. Industries, Inc., filed a Chapter 11 petition in bankruptcy on August 10, 1982. TOS has remained a debtor-in-possession. TOS sought a declaration that $410,165 paid to Ross Hill ninety days before the filing of the petition were preferential transfers. Ross Hill requested a jury trial in its answer to the complaint. On TOS's motion, the court struck the request. TOS also filed an adversary complaint against Lynco Tank Corporation to declare transfers of approximately $13,000 as preferences.

In the *Lynco* proceeding, the bankruptcy court held that TOS was insolvent on May 17, 1982. That date is earlier than the transfers to Ross Hill. TOS moved for partial summary judgment in this proceeding, urging the use of the *Lynco* insolvency date against Ross Hill. The bankruptcy court granted the motion and entered a final judgment in this proceeding.

### Claims.

Ross Hill raises two grounds of appeal. First, it argues that the preclusive use of the *Lynco* ruling on the insolvency issue was erroneous. TOS responds that Ross Hill was correctly prevented from relitigating this issue and that Ross Hill did not oppose the summary judgment motion in the bankruptcy court with any evidence showing that TOS was not insolvent on May 17, 1982.

Ross Hill secondly argues that the striking of the jury request was erroneous since jury trials may be conducted in a bankruptcy proceeding. TOS disagrees.

### Standard of Review.

A bankruptcy court's findings of fact in core matters are not to be set aside unless they are clearly erroneous. Bankr.R. 8013; *Anderson v. City of Bessemer*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The bankruptcy court's conclusions of law are subject to plenary review. *In re Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206 (5th Cir.1983). Only legal issues have been raised in this appeal.

### Issue Preclusion.

A nonparty to previous litigation may be bound by a prior determination if a party to the previous litigation prosecuted or defended the suit to establish or protect the non-party's rights or the non-party assisted in the prosecution or defense of the action in aid of an interest of its own. *Montana v. United States*, 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). Applying issue preclusion against a nonparty to the earlier adjudication should be allowed only after care has been taken to determine that the issue was thoroughly prepared and heard in a proceeding that was procedurally and factually open and balanced.

Issue preclusion should not have been used to bar Ross Hill from litigating TOS' date of insolvency. Although the issue may have been heard in the *Lynco* proceeding, Ross Hill did not participate or assist in any way in that litigation. There is no evidence that Lynco litigated solvency to protect the rights of any other creditor but itself. The value of Lynco's preference was less than one-thirtieth that of Ross Hill's. To say that one fringe creditor can

litigate an important defense, and that all other creditors are bound by that isolated result would be an assumption not allowed by the doctrine of issue preclusion.

TOS urges that Ross Hill had the opportunity to participate in the *Lynco* proceeding and chose not to do so and that Ross Hill's failure to avail itself of the opportunity to participate should not be used to TOS's detriment. As theoretically simple as this position may be, this argument ignores that Ross Hill is not required to participate in each adversary proceeding in a particular bankruptcy. If it were, creditors would be required to protect themselves by intervening in every adversary action because there is none that might not determine some fact that might be later discovered to be important in their own cases. In this bankruptcy, there have been twenty adversary proceedings. If each proceeding contained three parties with a minimum of three hearings occurring in each, 180 adversary hearings would have taken place before the close of the reorganization. To require one party in one adversary proceeding to be familiar with or intervene in nearly 200 hearings is simply impossible.

TOS cites *In re St. Cloud Tool & Die Co.*, 533 F.2d 387 (8th Cir.1976), and *In re Torres*, 15 B.R. 794 (Bankr.E.D.N.Y.1981), as establishing this obligation to intervene. The claimants in *St. Cloud* and *Torres* sought to set aside the distribution of assets to which they had a claim. When the orders authorizing sale were issued, the claimants failed to appeal the order within the required time and lost their interests. Here, Ross Hill had no interest in the Lynco payment.

Each adversary need not become familiar with all of the proceedings in a bankruptcy to protect itself from issue preclusion. The short-circuiting of bona fide claims is not required by the bankruptcy code, is costly, is unproductive, and places a crippling burden upon creditors and the system. If a requirement is needed, it should be upon the debtor to gather the affected adversaries into one action to adjudicate a common issue of importance. The mere pres-

ence of a common issue among a debtor's adversaries is insufficient to demand intervention by each adversary in the other's proceedings regardless of the importance of that common issue. Absent any cause for intervention, an adversary should not be bound by a prior determination in an unrelated proceeding.

*Summary Judgment Evidence.*

TOS lastly urges that Ross Hill failed to supply particular summary judgment evidence establishing a later date of insolvency. If collateral estoppel is not applicable, since Ross Hill failed to argue any later date of insolvency, the *Lynco* determination should be applied. This argument requires little consideration.

The bankruptcy court granted summary judgment solely on issue-preclusion, specifically refusing to extend its holding to Ross Hill's failure to establish any date of insolvency. In effect, the court held that Ross Hill did not have a burden to present summary judgment evidence since only issue preclusion was raised in TOS's motion. Since the lack of summary judgment evidence on insolvency was not a basis for the court's ruling, it is not an issue on appeal.

*Jury Trial.*

■ A preference action to recover money and for the return of property may be tried before a jury. *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932); *In re Kenval Marketing Corp.*, 65 B.R. 548 (E.D.Pa.1986). Since money is the sole relief being sought here, the creditors are entitled to a jury trial. The bankruptcy court should not have struck Ross Hill's demand for a jury.

TOS raises two procedural objections to Ross Hill's appeal of the striking. First, TOS argues that the right to a jury trial has been waived. At the hearing on TOS's motions to strike, counsel for Ross Hill uttered his belief that striking the request was proper. The court, agreeing with all of the parties, denied the jury request. If this statement could be considered a waiver, it was on a confused and confusing point of law. This waiver, moreover, would have occurred only months after the bankruptcy code was amended, before any

of the judicial analysis which has since occurred on this issue. *See In re Gaildeen Indus., Inc.*, 59 B.R. 402 (N.D.Cal.1986). The waiver that may have occurred should not now be applied to prevent an assertion of the constitutional right to a jury trial on remand.

TOS secondly argues that this court does not have jurisdiction to rule on this aspect of the appeal. Since Ross Hill did not file the notice of the appeal on the striking of the jury demands within ten days from the denial, the appeal is not timely.

■ This argument is not well-founded. A denial of a jury demand is a nonappealable interlocutory order. *Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir.1981). Appeal of the ruling may only occur after a final judgment has been entered. 28 U.S.C. § 1334. Since Ross Hill timely filed its notice of appeal from the final judgment, this court may rule properly upon all of the issues determined below.

■ The remaining issue is where the jury trial will be held: in the bankruptcy or district court. This case, filed in 1982, is proceeding under the 1978 Bankruptcy Code. Pub.L. 98–353, § 553, 98 Stat. 333 (1984). That statute allowed bankruptcy courts to conduct jury trials. *See Gaildeen, supra.* Although this court has severe reservations about the propriety of a bankruptcy court conducting a jury trial, if a jury trial is to occur in this case, it may be had in the bankruptcy court. *See Gaildeen, supra.* This decision is reached reluctantly, with a full understanding of the historical position of bankruptcy courts. These tribunals are essentially masters in chancery. As an equitable institution, no historical right to conduct jury trials would inhere in them. That congress has seen fit to allow bankruptcy courts to conduct these proceedings is a particular deviation from the general Anglo-American practice absorbed when the Union was formed. As a derogation of existing practice, it should be narrowly construed. Although this court accepts the congressional dictates here, it is mindful that allowing bankruptcy courts to conduct jury trials tends to dilute a citizen's right to access to judicial courts, undermining Article III, the Fifth Amendment, and the Seventh Amendment of the United States Constitution.

*Conclusion.*

Collateral estoppel may not be applied to preclude a party who has not participated in a prior adjudication from relitigating an issue previously determined. Although this may result in inconsistent rulings, to apply issue preclusion to the unrelated third party is inequitable. The bankruptcy court's granting of summary judgment will be reversed.

The right to a jury trial in a preference action exists. The bankruptcy court's order striking the demand will be reversed. Ross Hill may reassert its request for a jury.

This case will be remanded.